UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WHIRLPOOL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>KROSOL GLOBAL LIMITED,<br><br>Defendant. | § § § § § § § § § § | Case No. 2:25-cv-254<br><br>COMPLAINT<br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff Whirlpool Corporation, and for its Complaint against Krosol Global Limited, states as follows:

## PARTIES

1. Plaintiff Whirlpool Corporation is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 2000 North M-63, Benton Harbor, Michigan. Whirlpool owns United States Patent No. 11,806,648 ("the '648 patent").

2. Defendant is a limited liability company organized in Hong Kong.

## JURISDICTION & VENUE

3. Count I arises under the patent laws of the United States, Title 35 United States Code. The jurisdiction of this Court is proper under 35 U.S.C. § 271 *et seq.* and 28 U.S.C. § 1331, § 1332, and § 1338.

4. Defendant is a manufacturer, importer, distributor, and/or seller of water filters for refrigerators.

5. Defendant has offered for sale and sold throughout the United States

non-genuine Whirlpool replacement water filters that infringe one or more claims of the '648 patent, such as filters sold under the brand name "GlacialPure," "MARRIOTTO," and other filters that purport to be replacements for the Whirlpool Filter A model filter. These infringing filters include, but are not necessarily limited to, GlacialPure-labeled filters bearing model number GPE081, MARRIOTTO-branded filters bearing model number MR81, and other filters that purport to be replacements for the Whirlpool Filter A model filter.

6. Defendant has offered for sale and sold non-genuine Whirlpool replacement refrigerator water filters that infringe one or more claims of the '648 patent to residents and citizens of Texas who reside within this district.

7. Defendant's non-genuine Whirlpool refrigerator water filters that infringe one or more claims of the '648 patent are hereafter referred to as the "accused products" or the "infringing filters."

8. This Court has personal jurisdiction over Defendant because Defendant has actively engaged in the advertising for sale, offers for sale, sales, and/or distribution of the accused products in Texas, including the Eastern District of Texas.

9. Venue is proper in this Court because as "a defendant not resident in the United States," Defendant may be sued in any judicial district. *See* 28 U.S.C. § 1391(c)(3).

## FACTS AND ALLEGATIONS COMMON TO ALL COUNTS

10. Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

11. Defendant is infringing the '648 patent through the manufacture, use, importation, offer for sale, and/or sale of the accused products.

12.     The structure of the accused products is virtually identical to that of the genuine Whirlpool® Filter A model filter.

13.     Defendant's acts complained of herein have irreparably harmed and will continue to irreparably harm Whirlpool.

14.     Defendant's conduct as described herein makes this an exceptional case.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 11,806,648**

15.     Whirlpool repeats and realleges as if fully set forth herein the facts and allegations of all of the preceding paragraphs.

16.     On November 7, 2023, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '648 patent, entitled "Filter Assembly." Appended as Exhibit A is a true and correct copy of the '648 patent.

17.     Whirlpool is the owner by assignment of the entire right, title and interest in and to the '648 patent, including the right to sue and recover past, present, and future damages for infringement.

18.     Whirlpool manufactures products that practice the '648 patent, including Whirlpool "Filter A" refrigerator water filters.

19.     In violation of 35 U.S.C. § 271, Defendant directly infringes one or more claims of the '648 patent, including but not limited to at least claim 1 by making, using, selling and/or offering to sell in the United States or importing into the United States infringing filters, including (1) GlacialPure-branded filters bearing model number GPE081; (2) MARRIOTTO-branded filters bearing model number MR81; and/or (3) any other products that purport to be replacements for or compatible with the Whirlpool Filter A model filter.

20. The infringing filters include a filter unit, comprising: a body portion configured to receive a water filter; an engaging portion coupled to the body portion, wherein the engaging portion includes a first projection defining an inlet and a second projection defining an outlet; and a bypass actuator extending through the body portion and the engaging portion, wherein the bypass actuator includes an actuating end positioned between the inlet and the outlet, wherein the actuating end defines an interlock for engaging a bypass valve of a fluid manifold and an interface for engaging retaining features of the fluid manifold, and wherein the interface includes a helical section and an operating end positioned at an opposing end of the body portion relative to the actuating end, wherein rotation of the operating end causes rotation of the actuating end, and a shaft coupled to the actuating end and the operating end, wherein the bypass actuator is configured to rotate relative to the engaging portion and the body portion to rotationally and axially operate the bypass valve, and wherein the bypass actuator is further configured to drive axial engagement of the engaging portion with a valve assembly of the fluid manifold. Accordingly, Defendant literally infringes one or more claims of the '648 patent or does so under the doctrine of equivalents.

21. Defendant will continue to infringe one or more claims of the '648 patent unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '648 patent, Whirlpool has been and continues to be damaged.

22. Defendant indirectly infringes through induced and/or contributory infringement, the '648 patent. On information and belief, Defendant had prior knowledge of the '648 patent, such as through Defendant's procurement of the infringing filters.

23. Despite Defendant having notice of the '648 patent, Defendant continues to make, use, sell and/or offer to sell and provide installation, operational support, and

instructions for infringing filters, including with the knowledge or willful blindness that its conduct will induce Defendant's customers to infringe the '648 patent, including advertising the infringing filters as compatible with or replacements for Whirlpool filters. Through such activities, Defendant specifically intends that its customers directly infringe the '648 patent.

24. On information and belief, Defendant is contributorily infringing and will continue to contributorily infringe one or more claims of the '648 patent for the following reasons. On information and belief, Defendant had prior knowledge of the '648 patent, for instance, due to Defendant's procurement of the infringing filters. Defendant provides to customers, the direct infringers, the replacement filters, such as the GlacialPure-labeled filters bearing model number GPE081 and/or the MARRIOTTO-branded filters bearing model number MR81, that lack substantial non-infringing uses and that lead to infringement when installed into refrigerators' water filter assemblies, and Defendant acted with knowledge or willful blindness that its customers would use the infringing filters in an infringing manner. These infringing components are a material part of the installation of a replacement filter into the refrigerator's water filter assembly, whose water filtering system would not function properly without them.

25. On information and belief, Defendant's infringement occurred with knowledge of the '648 patent and thus has been and will continue to be willful and deliberate. On information and belief, Defendant sought to copy Whirlpool's patented Filter A design. Defendant's egregious conduct constitutes willful and deliberate infringement, which entitles Whirlpool to enhanced damages under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Whirlpool prays for a judgment against Defendant as follows:

A.  That the Court enter a preliminary and permanent injunction preventing Defendant and its respective officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from engaging in infringing activities with respect to the '648 patent by making, using, offering to sell, selling, importing into the United States, distributing, shipping, or otherwise disposing of (1) GlacialPure model number GPE081 filters; (2) MARRIOTTO model number MR81 filters; and/or (3) any other products that purport to be replacements for or compatible with the Whirlpool Filter A model filter, or any replacement filters that are not more than colorably different therefrom;

B.  That the Court enter a preliminary and permanent injunction that requires Defendant and its respective officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them to immediately and permanently discontinue all advertising links on websites, social media, or search engines that direct to any webpage operated by Defendant (including all webpages with a www.gp-filter.com domain name) that references filters that purport to be replacements for the Whirlpool Filter A model filter and/or reference one or more of the following model numbers associated with Whirlpool's patented filter model: "Whirlpool Filter A," "EveryDrop

    Filter A," "KitchenAid Filter A," "Maytag Filter A," "EDRARXD1," "EDRARXD2," "EDRARXD3," "EDRARXD4," "EDRARXD5," "EDRARXD6;"

C.  That the Court enter a preliminary and permanent injunction that requires that if Defendant is in violation of any aspect of the Court's injunction relating to infringing conduct on the www.gp-filter.com website more than 30 days after entry of the injunction, Defendant is further ordered to shut down the infringing website entirely and transfer ownership of the infringing website's domain to Whirlpool;

D.  That the domain name registries, internet service providers, hosts, and/or the individual registrars holding or listing the www.gp-filter.com website, including but not limited to NameSilo, LLC and Verisign, Inc. shall, within seven days of notice of a preliminary or permanent injunction from this Court, temporarily disable these domain names, or any subset of these domain names specified by Whirlpool, through a registry hold or otherwise, and make them inactive and non-transferable pending further order from this Court, unless Whirlpool requests that particular domain names be released from such restraints;

E.  That Defendant and its subsidiaries, successors, assigns, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with them (including any affiliated entities) are permanently enjoined from working with Visa,

        Mastercard, Discover, AmericanExpress, PayPal, Venmo, and all other similar payment processing companies who are acting in concert with or under the direction of Defendant and/or its subsidiaries, successors, assigns, officers, directors, agents, servants, employees, attorneys, and persons in active concert or participation with them (including any affiliated entities), to provide services in connection with the continued operation of the www.gp-filter.com website as long as Defendant infringes the '648 patent through the manufacture, use, importation, offer for sale, and/or sale of the accused products or any replacement water filters that are not more than colorably different therefrom;

F. That the Court award damages for the willful and deliberate infringement of the '648 patent, including enhanced damages under 35 U.S.C. § 284 and attorney fees under 35 U.S.C. § 285;

G. That the Court enter a judgment that the '648 patent is not invalid;

H. That the Court enter a judgment that the '648 patent is enforceable;

I. That the Court award interest on the damages; and

J. For any and all such other relief as this Court may deem appropriate.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury on all issues appropriately triable by a jury.

Dated: March 4, 2025,  Respectfully submitted,

By: */s/ Melissa R. Smith*
Melissa R. Smith (*TX State Bar No. 24001351*)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
Email:  Melissa@gillamsmithlaw.com

Jeffrey D. Harty (IA AT0003357)
(Admitted Eastern District of Texas)
Ryan Stefani (IA AT00012387)
(Admitted in the Eastern District of Texas)
NYEMASTER GOODE, P.C.
700 Walnut Street, Ste. 1300
Des Moines, IA 50309-3899
Telephone: (515) 283-3100
Facsimile:  (515) 283-3108
Email:   jharty@nyemaster.com
Email    rstefani@nyemaster.com

*Attorneys for Plaintiff*
**WHIRLPOOL CORPORATION**